UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID RIOS-ROSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-CV-00025 PLC |
| ) | |
| JASON SOPER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Angel David Rios-Rosa's application to proceed in the district court without prepaying fees or costs. Based on the financial information contained in the motion, the motion will be granted. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District Court. The Court will dismiss the case for lack of proper venue.

**Background**

On July 22, 2012, plaintiff was charged in Buchanan County Circuit Court with one count of felony sexual assault. He pled guilty on June 10, 2013, and was sentenced to six years' imprisonment in the Missouri Department of Corrections. *See State v. RiosRosa*, No. 12-BU-CR01603-01 (Buchanan Cty. Cir. Ct. 2012).

Plaintiff brings this 42 U.S.C. § 1983 action alleging violations of his civil rights arising out of his criminal trial. He names as defendants his criminal defense attorney, the prosecutors, and the judge. Plaintiff's allegations are difficult to analyze, but he appears to be alleging that he is innocent and the defendants did not adequately represent his interests. He alleges his DNA testing results are evidence of his innocence. For relief, plaintiff seeks more than $170,000,000.

**Discussion**

This case is subject to dismissal because the Court lacks proper venue over plaintiff's § 1983 action. Pursuant to 28 U.S.C. § 1391(b), venue is proper in civil rights actions in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or . . . (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). None of the requirements of § 1391(b) are present in this case. All defendants reside in Buchanan County, Missouri, which was also the site of plaintiff's criminal trial. Buchanan County is located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(3). As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), the court of a district in which a case is filed that lays in the wrong venue can either dismiss the action or, if it is in the interest of justice, the court can transfer the case to any district or division in which it could have been brought. Because plaintiff's action appears to be time barred and the defendants are immune from suit, the Court will dismiss this action rather than transfer it to another district court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of March, 2023.